**John W. CHANEY**

v.

**HOBART INTERNATIONAL, INC., et al.**

**No. CIV. A. 98-665.**

United States District Court, E.D. Louisiana.

April. 21, 1999.

---

S. Stuart Eilers, Thompson, Hine & Flory, Cleveland, OH, Thomas J. Corrington, The Corrington Law Firm, New Orleans, LA, for John W Chaney, plaintiff.

Janice Bertucci Unland, Law Offices of John J. Rabalais, John Joseph Rabalais, Law Offices of John Rabalais, Covington, LA, for Puglia's Supermarket,—Louisiana

Commerce and Trade Association Self Insurers' Fund, intervenors.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant Hobart Corporation's Motion for Summary Judgment. For the reasons that follow, the motion is GRANTED.

### Background

John Chaney was injured in an employment-related accident when his arm was amputated below the elbow by a meat grinder manufactured by Hobart International, Inc. The meat grinder was made and sold in 1962. At that time, the grinder had a "feed pan guard" mounted on top of the feed pan which prevented users from inadvertently placing their hands and arms in the grinding mechanism during operation. The feed pan guard was attached to the feed pan with drive screws. The use of drive screws prevented removal of the feed pan guard by unscrewing it. The meat grinder also has an interlock which prevents the machine from operating when the feed pan is not in the proper position.

At the time of Chaney's accident, the feed pan guard was no longer attached to the feed pan. Chaney alleges that his sleeve was caught in the grinder when he slipped on a railing in the meat department where he worked, resulting in his injuries. He sues under the Louisiana Products Liability Act.

### Law and Application
#### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 548 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### B. *The Louisiana Products Liability Act*

A plaintiff can recover under the Louisiana Products Liability Act if he can show that the product is "unreasonably dangerous" (1) in construction or composition (manufacturing defect), (2) in design (design defect), (3) through lack of an adequate warning, or (4) because it does not conform to an express warranty. La.Rev. Stat. § 9:2800.54(B). Chaney makes no claim of express warranty or manufacturing defect. He contends that the meat grinder was defectively designed: first, be- cause the absence of a feed pan guard was a "reasonably anticipated alteration" of the product which rendered it unreasonably dangerous; and second, because no safety interlock prevented use of the machine without the feed pan guard in place. He further contends that the meat grinder should have had visible warnings against using it without a guard, as well as warnings against intentionally removing the guard.

### 1. *Design Defect*

Chaney contends that the absence of a feed pan guard which would have prevented his injury constitutes a design defect under the Act. For a manufacturer to be liable under a design defect theory, "[t]he characteristic of the product that renders it unreasonably dangerous ... must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product." La.Rev.Stat. 9:2800.54(C). It is undisputed that the machine had a feed pan guard attached when it left Hobart's control. Hobart contends, moreover, that the removal of a safety feature such as the feed pan guard is not, as a matter of law, a reasonably anticipated alteration.

The Act defines "reasonably anticipated alteration" as either "a change in a product that the product's manufacturer should reasonably expect to be made by an ordinary person in the same or similar circumstances," or "a change arising from ordinary wear and tear." La.Rev.Stat. § 9:2800.53(8). Hobart contends that because the feed pan guard was attached with drill screws, it could not be unscrewed and must have been sawed off. It maintains that this purposeful removal of a safety device was not reasonably forseeable, and draws attention to Louisiana cases in support of that proposition.

This Court is persuaded that the removal of the feed pan guard would not be a reasonably anticipated alteration under the Act. *See Johnson v. Black & Deck-*

*er U.S., Inc.,* 701 So.2d 1360, 1364–65 (La. Ct.App.1997) (removal of a safety guard from a power saw was not a reasonably anticipated alteration); *Hoyt v. Wood/ Chuck Chipper Corp.,* 651 So.2d 1344, 1351–52 (La.Ct.App.1995) (substituting toggle switch for keyed ignition switch on wood chipper was not an alteration that manufacturer should have anticipated); *Berry v. Commercial Union,* 565 So.2d 487, 495 (La.Ct.App.1990) (removing and not replacing a broken blade guard on circular saw was not reasonably foreseeable). Chaney presents evidence that the feed pan guard was not intentionally removed, but failed over time due to defective design. His expert Dr. Rick Gill, concludes in an affidavit that mounting the guard through the bottom of the feed pan placed the screws "in tension" when meat was forced under the guard in the normal operation of the machine, pushing the guard upwards. This upward force, combined with the vibration of the machine, would have caused the screws to file out the holes in the weaker sheet metal of the feed pan. Eventually, he maintains, the holes became large enough for the guard to be lifted out of the pan. (It is undisputed that the holes in the feed pan are larger than the drill screws.)

Dr. Gill's opinion creates a genuine issue of fact as to whether the screws eventually failed through the ordinary operation of the grinder. Even if they did, however, that does not render the continued use of the machine without the guard a reasonably anticipated use. The Act provides for liability only when injury results from "a reasonably anticipated use of the product," defined as "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." La. Rev.Stat. §§ 9:2800.54(A), 9:2800.53(7).

"When the victim or a third party engages in conduct that ignores or disregards an obvious or well-known danger, this conduct is not normal use." *Berry,* 565 So.2d at 495; *Whitacre v. Halo Optical Products Inc.,* 501 So.2d 994 (La.Ct.App.1987). It is not disputed that the guard is a safety feature. If the drill screws did wear out through normal use, the danger presented once the guard became detached was similarly obvious.[1] At that point, Hobart's duty to design a safe product gives way to a duty on the part of the owner of the machine to have the guard repaired or take the machine out of use. Manufacturers are not insurers of the eternal safety of their products.

■ Because the Court concludes that continued use of the grinder after the feed pan guard became detached was not a use which Hobart should have anticipated, Chaney's assertion that the grinder should have had a safety interlock preventing use if the guard became detached must be rejected. The grinder was equipped with an interlock making it inoperative if the feed pan was lifted. The guard was attached to the pan when the grinder left Hobart's control. Hobart had no duty to provide an additional safety interlock to prevent knowing and voluntary use of the grinder when the danger presented by the absence of a guard was obvious.

### 2. *Failure to Warn*

■ Chaney further contends that the meat grinder was unreasonably dangerous because an adequate warning was not provided about the dangers of using the meat grinder without a feed pan guard in place. *See* La.Rev.Stat. § 9:2800.57. Chaney's inadequate warning claim fails, however, because the undisputed facts show that the danger presented was no more extensive

---

1. The Act provides that "[c]hanges to or in a product or its operation because the product does not receive reasonable care and maintenance" are not a "reasonably anticipated alteration or modification." La.Rev.Stat. § 9:2800.53(8)(c). Even if the feed pan guard became detached over time through the normal operation of the grinder, "reasonable care and maintenance" would require the owner of the meat grinder to repair this defect.

than that which would be contemplated by the ordinary user, and was obvious to Chaney. The Act quite realistically provides:

A manufacturer is not required to provide an adequate warning about his product when:

(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or

(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

La.Rev.Stat. § 9:2800.57(B). Both of these provisions are applicable here. As dangerous as the meat grinder may have been without a feed pan guard, it was clearly "not dangerous to an extent beyond that which would be contemplated by the ordinary user." The possibility of injury is glaring. Furthermore, Chaney was familiar with the machine and should reasonably have been expected to know that it was dangerous, and his own testimony indicates that he did know that.[2] Summary judgment is therefore appropriate on Chaney's inadequate warning claim.

For the foregoing reasons, Hobart Corporation's Motion for Summary Judgment is GRANTED.

---

2. Chaney has testified that he was warned to "[m]ake sure you don't stick your hand in the hole on the meat grinder which is common sense, I would never do that, you know." He also stated that he used a meat grinder at a previous job which was equipped with a feed pan guard and knew what it was for.