# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50651

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2024

Lyle W. Cayce
Clerk

Derek Hall,

*Plaintiff—Appellant*,

*versus*

UiPath, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-728

———————————————————————

Before Smith, Clement, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:

This is an appeal of a grant of summary judgment to the defendant-appellee, UiPath Incorporated, in a case alleging retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (ADEA). The district court granted summary judgment for UiPath on the basis that Hall had failed to establish a causal link between the protected activity and the adverse action and failed to rebut UiPath's non-discriminatory rationale for the adverse action. Because Hall has failed to challenge the district court's determination that UiPath has offered a legitimate, non-discriminatory

reason for the adverse action, we AFFIRM the district court's grant of summary judgment to UiPath.

## I.

UiPath is a software company that makes automation and artificial intelligence software for businesses. Hall joined UiPath in November 2018 as a Senior Account Executive. Hall was sixty-two years old at that time. Over the next nine months, Hall's then-supervisor, Carmel Smith, observed or was made aware of numerous purported deficiencies in Hall's performance. On August 29, 2019, Smith placed Hall on a thirty-day Performance Improvement Plan (PIP). On the same day, Hall submitted an internal complaint against Smith complaining of age discrimination. UiPath and Hall entered into a Separation and Release of Claims agreement in October 2019, terminating Hall effective November 12, 2019, and releasing UiPath from any and all claims, including his prior claim of age discrimination.

Hall began employment with Accelirate, Inc., as Vice President of Sales around November 28, 2019. Accelirate is an information technology service management company, and UiPath partners with Accelirate to sell and implement its software products to end user companies. Hall acknowledges that he never informed Accelirate that he was involuntarily terminated from UiPath for poor performance and behavior. On December 2, 2019, Smith—who was monitoring Hall's old UiPath e-mail inbox—saw an e-mail from Hall's coworker at Accelirate, Nikky Shaffer, that had been accidentally sent to Hall's UiPath email. Smith then learned from Shaffer that Hall now worked for Accelirate. On December 17, Smith texted Shaffer that she was "getting a lot of complaints on [Hall]" and that she preferred that Hall "not cover[] my territory[.]" Shaffer informed Smith that Hall reported to Accelirate executive, Matt Gallo, and Smith agreed to discuss the

issue with Gallo in early January, adding: "In the meantime, we don't need the hassle please."

That same day—approximately two weeks after Smith discovered Hall's new position with Accelirate—Gallo terminated Hall. The parties dispute whether Hall's termination was Gallo's independent decision or if he relied upon information provided by UiPath, but agree that the termination decision was communicated to Hall by phone, and that there is no written record of the meeting. Hall alleges that on the call Gallo informed him that he received certain "text or email messages from UiPath," and that "it was not going to work." Gallo states he decided to terminate Hall for "Accelirate's own unique business reasons," including Hall's lack of "relationship advantage" with anyone at UiPath and Hall "not mesh[ing] well, personality- or communication-wise with the Sales team." Hall was terminated effective immediately.

On August 19, 2021, Hall sued UiPath, bringing claims for retaliation under the ADEA and tortious interference with contractual relationships. UiPath filed a motion for summary judgment on both claims. The district court found that although Hall had presented sufficient evidence to establish a statutorily protected activity and an adverse employment action, he had failed to establish a causal link between the two and failed to rebut UiPath's non-discriminatory rationale for Smith's messages. The district court also granted summary judgment on the tortious interference claim on the grounds that the claim had been waived. Hall appeals the entry of summary judgment as to his retaliation claim only.

## II.

A grant of summary judgment is reviewed *de novo*. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). "[W]here the non-movant bears the burden of
proof at trial, the movant may merely point to an absence of evidence," which
"shift[s] to the non-movant the burden of demonstrating by competent
summary judgment proof that there is an issue of material fact warranting
trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (per
curiam). "The nonmovant cannot satisfy this burden merely by denying the
allegations in the opponent's pleadings but can do so by tendering
depositions, affidavits, and other competent evidence to buttress its claim."
*Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992).
"When assessing whether a dispute to any material fact exists, [courts]
consider all of the evidence in the record but refrain from making credibility
determinations or weighing the evidence." *Turner v. Baylor Richardson Med.
Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## III.

On appeal, Hall argues that his retaliation claim under the ADEA
raises disputes of material fact inappropriate for resolution at summary
judgment. The ADEA prohibits employers from firing, refusing to hire, or
otherwise discriminating against any individual with respect to their
compensation, terms, conditions, or privileges of employment, because of
their age. 29 U.S.C. § 623(a)(1). This circuit generally assesses ADEA age-
discrimination claims relying on circumstantial evidence under the burden-
shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792
(1973). *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir.
2010). To establish a prima facie claim of retaliation under the ADEA, Hall
must show (1) that he engaged in a protected activity, (2) that he experienced
an adverse employment action, and (3) "that a causal link existed between
the protected activity and the adverse employment action." *Wooten v.*

*McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015) (quoting *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001)).

If Hall succeeds in making this prima facie showing, the burden shifts to UiPath to articulate a legitimate, non-discriminatory reason for the adverse employment action. *See Allen v. United States Postal Serv.*, 63 F.4th 292, 301 (5th Cir. 2023). If UiPath does so, the burden shifts back to Hall to show that the articulated reason is pretextual. *See id.* Hall may show pretext by showing that UiPath's proffered non-discriminatory explanation is false or "unworthy of credence." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Jackson*, 602 F.3d at 379). The district court held both that Hall did not show a causal link and that Hall failed to rebut UiPath's non-discriminatory explanation. In particular, the district court held that because Hall denied harassing conduct "but does not refute that he was contacting [UiPath employees] for potential sales leads. . . . Hall has failed to present evidence that . . . the explanation proffered by UiPath was pretext for unlawful retaliation."

On appeal, Hall did not mention this second element of the district court's analysis in his opening brief, did not discuss UiPath's proffered non-discriminatory explanation in his appellant brief at all, and did not offer evidence to show that UiPath's stated motivations were pretextual. Although Hall did state that "[t]here is a fact issue over whether or not Ms. Smith's comments were false," he did not tie this statement to the law or to the district court's ruling.

In general, "[a] party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). "To be adequate, a brief must 'address the district court's analysis and explain how it erred.'" *SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022)

(quoting *Rollins*, 8 F.4th at 397 n.1); *see Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) (the appealing party should "attempt to rebut [the] judgment"). Where a party's "opening brief barely 'address[ed] the district court's analysis' and wholly neglected to 'explain how it erred,'" *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (alteration in original) (quoting *T.A.G.*, 59 F.4th at 751), that argument is forfeited. After UiPath argued that Hall waived any argument about its proffered non-discriminatory rationale for the negative reference, Hall failed to file a reply. At oral argument, his counsel suggested that the opening brief sufficiently addressed the alternative basis for summary judgment.

We can find no indication of Hall challenging the district court's determination or analysis in the record. Because Hall has forfeited any challenge to UiPath's proffered rationale, which is an independent basis for summary judgment on his retaliation claim, we need not reach Hall's challenge to causation. We AFFIRM the district court's grant of summary judgment to UiPath.