**NEW ORLEANS ASSETS, L.L.C.**

v.

**CARL E. WOODWARD, L.L.C., et al**

**No. Civ.A. 01–2171.**

United States District Court, E.D. Louisiana.

Feb. 13, 2003.

---

778

Richter, James M. Garner, Martha Y. Curtis, Emma E. Daschbach, Sher Garner Cahill Richter, Klein McAlister & Hilbert, LLC, New Orleans, LA, Christopher Walt, Christopher Walt, Attorney at Law, La Jolla, CA, for New Orleans Assets, L.L.C., plaintiff.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, defendant.

Marshall Mc Alis Redmon, William Bowen McRae, Jr., Phelps Dunbar, LLP, Baton Rouge, LA, Michael David Kurtz, Shaw Norton, LLP, New Orleans, LA, for Atha Architecture, P.C., defendant.

Glenn Paul Orgeron, Benjamin R. Grau, Thomas A. Porteous, Terrance Anthony Prout, Lemle & Kelleher, LLP, New Orleans, LA, for Ellis Co Inc, defendant.

Leonard L. Kilgore, III, David Kimberly Nelson, Erich Phillip Rapp, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA, Julie Parelman Silbert, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, En-

ergy Centre, New Orleans, LA, Terrence D. McCay, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Lake Charles, LA, Yul D. Lorio, Yul D. Lorio, Attorney at Law, Lake Charles, LA, for Omnova Solutions Inc, defendant.

Howard Louis Murphy, Victor John Franckiewicz, Jr., Anne Burguieres Rappold, Deutsch, Kerrigan & Stilés, New Orleans, LA, for Associated Design Group, Inc., defendant.

Elliot Ross Buckley, Jr., Kingsmill Riess, LLC, New Orleans, LA, for Commercial Painting Company, Inc., defendant.

Donald Edward McKay, Jr., Leake & Andersson, LLP, Energy Centre, New Orleans, LA, J. Ashley Inabnet, Mark W. Mercante, Mark Wayne Frilot, Shaw Norton, L.L.P., Mandeville, LA, for Perez Ernst Farnet, a Professional Corporation, Architects and Engineers, (incorrectly named as Perez Farnet Ernst) fka Perez Ernst Farnet Architects and Planners, defendant.

Dennis J. Phayer, Burglass & Tankersley, L.L.C., Metairie, LA, for Louisiana Insurance Guaranty Association, defendant.

Marshall Mc Alis Redmon, William Bowen McRae, Jr., Edward Winter Trapolin, Krebs, Farley & Pelleteri, LLC, New Orleans, LA, Michael David Kurtz, for Alan Paul Atha, defendant.

Julie Parelman Silbert, Terrence D. McCay, Yul D. Lorio, for Muraspec North America LLC fka Gilman Wallcovering, defendant.

Edward D. Markle, Markle & Associates, APLC, New Orleans, LA, for Eykon Wall Source, Inc. fka Arton South Inc dba Arton South Inc, defendant.

Howard Bruce Kaplan, Robert A. McMahon, Jr., Ann Marie Sico, Bernard,

Cassisa, Elliott & Davis, Metairie, LA, for Patton Wallcoverings, Inc., defendant.

Jon A. Gegenheimer, Edward D. Markle, (See above), Markle & Associates, APLC, New Orleans, LA, for Arton South Corporation, (Incorrectly sued as Eykon Wall Source Inc. a/k/a Arton South Inc.) aka Eykon Wall Source, Inc., defendant.

Fred Turner Hinrichs, U.S. Attorney's Office, New Orleans, LA, for United States of America, on behalf of its agency, the Federal Bureau of Investigations, movant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

David Ira Bordelon, Matthew J. Ungarino, Wayne Robert Maldonado, Ungarino & Eckert, LLC, Metairie, LA, for Legion Indemnity Company, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Thomas Joseph Eppling, Craig Wren Brewer, Robin Hoban Vogt, Staines & Eppling, Metairie, LA, for Western Waterproofing Company, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Lawrence Jude Boasso, Waller & Associates, Metairie, LA, for Travelers, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Lawrence J. Duplass, Kelly Cambre Bogart, Louis Oliver Oubre, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, for Automated Logic, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

Troy Nathan Bell, Glenn Lyle Maximilian Swetman, Robert P. Vining, Francesca A. Bridges, Aultman, Tyner, Ruffin & Yarborough, Ltd., New Orleans, LA, for Sunbelt Controls, third-party defendant.

Richard S. Vale, Pamela Ferrage Noya, William Clay Cruse, Blue Williams, L.L.P., Metairie, LA, for Carl E Woodward LLC, third-party plaintiff.

David Joseph Krebs, Maura Zivalich Pelleteri, Thomas Matthew Beh, Sarah S.W. Mahoney, Krebs, Farley & Pelleteri, LLC, New Orleans, LA, for Hardin Construction Company, Inc., third-party defendant.

Lawrence J. Hand, Jr., Thomas A. Porteous, for A–1 Glass Services, Inc., third-party defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court are OMNOVA Solutions Inc.'s Motions for Partial Summary Judgment as to punitive damages, and for Partial Summary Judgment as to plaintiff's claims for fraudulent concealment and negligent misrepresentation. For the reasons that follow, the motions are DENIED.

### I.

New Orleans Assets, L.L.C. owns the building leased to the FBI for its New Orleans Regional Headquarters. The building's vinyl wall covering was manufactured by OMNOVA. After construction, the building was beset by mildew and leaks. NOA sued numerous insurers, contractors, and product manufacturers, in-

cluding OMNOVA. NOA's suit against OMNOVA alleges redhibition, breach of warranty, fraudulent concealment, and negligent misrepresentation. OMNOVA now moves for partial summary judgment as to punitive damages, and for partial summary judgment as to NOA's claims for fraudulent concealment and negligent misrepresentation.

## II.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir.1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

## III.

■ OMNOVA first seeks partial summary judgment as to its exposure for punitive damages. A federal court sitting in diversity must determine the applicable state law by applying the choice of law rules of the forum state. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Louisiana's conflict of laws provisions determine which state laws are applicable to NOA's claims.

OMNOVA's motion invokes Louisiana Civil Code article 3545, which outlines when Louisiana law governs product liability claims, and article 3546, which, under certain circumstances, precludes recovery of punitive damages in Louisiana even when liability is governed by the laws of another state that authorizes punitive recoveries.

### A. *Article 3545*

■ OMNOVA contends that NOA is precluded from recovering punitive damages because NOA's claims are governed by Louisiana law.[1] Article 3545 dictates

---

1. Under Louisiana law, exemplary or other "penalty" damages are not allowed unless expressly authorized by statute. *See Mosing v. Domas,* 830 So.2d 967, 973 (La.2002).

that Louisiana law governs products liability claims "(1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state."

NOA was not domiciled in Louisiana at the time of the injury. Louisiana Civil Code article 3518 provides that "a juridical person may be treated as a domiciliary of either the state of its formation or the state of its principal place of business, whichever is most pertinent to the particular issue." The Louisiana Secretary of State database lists NOA as a "limited liability company (non-Louisiana)," and NOA's domicile address is identified as its registered office in Wilmington, Delaware. Moreover, OMNOVA has not established that NOA's principal place of business is Louisiana.

OMNOVA also fails to establish that NOA was residing in Louisiana at the time of the injury. The owners of NOA are residents of Florida and California; OMNOVA does not produce persuasive evidence to suggest that NOA, a limited liability corporation, resides in a state other than those of its owners.

Finally, OMNOVA has not shown that the wall covering at issue was manufactured, produced, or acquired in Louisiana.

Moreover, the Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. § 2800.52

2. Gilman Wallcoverings in Atlanta, Georgia; Arton South, Inc. in Memphis, Tennessee; and Patton Wallcoverings, Inc. in Columbus, Ohio.

3. NOA suggests that it was not injured in Louisiana because its actual economic injury occurred in California and Florida, where the members of NOA are domiciled. The Court is

It is in fact uncontested that the wall covering was manufactured and produced in Mississippi. Moreover, NOA has provided evidence that the wall covering was acquired from OMNOVA distributors in Georgia, Ohio, and Tennessee.[2]

■ While NOA's injury clearly occurred in Louisiana,[3] OMNOVA fails to establish that: 1) NOA was domiciled or residing in Louisiana at the time of the injury; or 2) OMNOVA's vinyl wall covering was manufactured, produced, or acquired in Louisiana. Thus, genuine issues of fact exist as to whether article 3545 requires Louisiana law to govern NOA's claims.

B. *Article 3546*

■ OMNOVA further contends that, even if Louisiana law does not govern the liability analysis, punitive damages are nonetheless precluded as a matter of law pursuant to Louisiana Civil Code article 3546.[4] Article 3546 provides that punitive damages may not be awarded by a court in Louisiana unless authorized:

(1) By the law of the state where the injurious conduct occurred; and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

not persuaded by such reasoning, for it would effectively collapse the injury analysis into the domicile analysis. Despite OMNOVA's failure to address this issue, the Court finds that the NOA's injury occurred in Louisiana, the location of the FBI building.

4. Article 3546 "applies to claims for punitive or exemplary damages arising out of offenses ... in all cases except those product liability cases that are governed by Louisiana law under Article 3545." *See* Revision Comment (a).

(2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

First, the injurious conduct did not occur in Louisiana. OMNOVA is based in Ohio, and the vinyl wall covering at issue was manufactured in Mississippi. If OMNOVA engaged in injurious conduct, it occurred in either Ohio or Mississippi. Moreover, it is also undisputed that Ohio and Mississippi authorize punitive damages.

Second, OMNOVA fails to establish that it is domiciled in Louisiana. Although OMNOVA acknowledges that it is incorporated in Ohio, it contends that it is nonetheless a domiciliary of Louisiana pursuant to Louisiana Civil Code article 3548. Article 3548 states:

> For the purposes of this Title, and provided that it is appropriate under the principles of Article 3542,[5] a juridical person that is domiciled outside this state, but which *transacts business in this state* and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state.

(Emphasis added). OMNOVA, however, has failed to produce evidence that it transacts business in Louisiana. Thus, the Court is unable to conclude that OMNOVA is a Louisiana domiciliary.

OMNOVA has failed to establish: 1) that the injurious conduct occurred in Louisiana; or 2) that OMNOVA is a domiciliary of Louisiana. Thus, genuine issues of

fact exist as to whether article 3546 precludes NOA's recovery of punitive damages.

OMNOVA has failed to demonstrate that articles 3545 or 3546 preclude punitive damages as a matter of law. Its motion for partial summary judgment as to punitive damages is without merit.

### IV.

■ OMNOVA, in an added effort to trump NOA's recovery of punitive damages, looks for partial summary judgment as to NOA's claims for fraudulent concealment and negligent misrepresentation. OMNOVA contends that the Louisiana Products Liability Act, as the exclusive Louisiana remedy for injuries caused by products, does not encompass NOA's claim for fraud and misrepresentation. La. R.S. 9:2800.52.

As reasoned in Part III–A, genuine issues of fact exist as to whether article 3545 requires the application of Louisiana law to NOA's claims. The authority pointed to by OMNOVA establishes that the LPLA precludes fraud and misrepresentation claims when product liability claims are governed by Louisiana law; it does not, however, address whether the LPLA precludes such claims when liability is governed by the laws of another state. Moreover, such an extension of the LPLA would undermine Louisiana's stated policy to balance Louisiana interests with the interests of the other involved states. La. C.C. art. 3542. Thus, the LPLA does not justify summary dismissal of NOA's claims

---

5. Article 3542 is the general choice of law provision for tort claims, instructing courts to balance the strength of relevant policies of the involved states by examining:

(1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

for fraudulent concealment and negligent misrepresentation.

Accordingly, OMNOVA's motions for Partial Summary Judgment as to punitive damages, and for Partial Summary Judgment as to fraudulent concealment and negligent misrepresentation are DENIED.