**Terry SCOTT, Plaintiff,**

v.

**PFIZER INC., et al., Defendants.**

**Civil Action No. 1:06–CV–526.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 21, 2008.

Jason Edwin Payne, The Payne Firm, Houston, TX, for Plaintiff.

Carol Dan Browning, Sarah G. Cronan, Stites & Harbison, PLLC, Louisville, KY, Joyce B. Margarce, Powers & Frost, LLP, John G. Bissell, Strong, Pipkin, Bissell & Ledyard, LLP, Houston, TX, Dana J. Ash, Matthew A. Taylor, Sean S. Zabaneh, Duane, Morris, LLP, Philadelphia, PA, for Defendants.

### MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATIONS

THAD HEARTFIELD, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial matters. Several dispositive motions are pending before the Court.

On February 4, 2008, Judge Giblin entered his report recommending that the Court grant Defendants Pfizer, Howmedica, and MTG's *Motion for Summary Judgment.* On February 5, 2008, Judge Giblin entered a separate report recommending that this Court grant Defendant Wright Medical's *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement;* dismiss Plaintiff's claims for malice/fraud and misrepresentation; and deny as moot the *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement* with respect to the motion for a more definite statement.

To date, the parties have not filed objections to the report and recommendations in accordance with 28 U.S.C. § 636(b) and the Federal Rules of Civil Procedure. Accordingly, having reviewed the record and Judge Giblin's reports, the Court agrees with the Magistrate Judge's findings and recommended disposition. The Court **ORDERS** that the *Report and Recommendation on Motion for Summary Judgment* [Clerk's

doc. # 56] and the *Report and Recommendation on Motion to Dismiss* [Clerk's doc. # 57] are **ADOPTED.** Judge Giblin's findings and conclusions of law are incorporated in support of this order.

In accordance with the recommendations of the Magistrate Judge, it is further **ORDERED** as follows:

-Defendants Pfizer, Howmedica, and MTG's *Motion for Summary Judgment* [Clerk's doc. # 37] is **GRANTED,** and those Defendants, Pfizer, Inc., Howmedica, Inc., and MTG Divestures, LLC, are **DISMISSED** from this civil action with prejudice;

-Defendant Wright Medical's *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement* [Clerk's doc. # 29] is **GRANTED** and Plaintiff's claims for malice/fraud and misrepresentation, as set forth in Sections IX and X of his Amended Petition are dismissed, including the corresponding request for exemplary damages, with prejudice;

-Wright Medical's *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement* [Clerk's doc. # 30] is **DENIED** as **MOOT** with respect to the motion for a more definite statement, and

-All other claims asserted by Plaintiff against Defendant Wright Medical would remain, and Defendant Wright Medical Technology, Inc., remains a party in this cause.

### REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

KEITH F. GIBLIN, United States Magistrate Judge.

The District Court referred this matter to the undersigned United States Magistrate Judge, at Beaumont, Texas, for consideration of pretrial motions and proceedings and/or entry of a report and recommendation on

dispositive[1] motions pursuant to 28 U.S.C. § 636(b) and the Local Rules for the Assignment of Duties to United States Magistrate Judges. Defendants MTG Divestitures LLC[2] ("MTG"), Howmedica and Pfizer Inc.'s[3] ("Defendants") *Motion for Summary Judgment* [Clerk's doc. # 37] is pending before the Court.

## BACKGROUND

### A. Plaintiff's Claims

Plaintiff Terry Scott filed this civil action seeking recovery for personal injuries he allegedly sustained from the implantation of a medical device after he underwent hip replacement and resurfacing surgeries. In the live pleading[4], Plaintiff alleges that he was implanted with defective implants, specifically including Simplex P. Radioplaque Bone Cement ("Simplex"), and that he has suffered damages in the form of pain, emotional distress, loss of earnings, loss of earning capacity, and medical expenses. He has generally asserted causes of action sounding under products liability based upon the allegedly defective implants, including specific claims for strict products liability, breach of warranty, negligence, strict liability for failure to warn, misrepresentation and malice and fraud. Defendants' motion for summary judgment also explains that Plaintiff identified Defendant Wright Medical Technology Inc. ("Wright") as the manufacture of the separate femoral component—a Conserve Femoral Resurfacing Component—allegedly implanted in the Plaintiff, and MTG as the manufacture and seller of the Simplex. The Simplex bone cement is the allegedly defective product at issue before the Court for purposes of the Defendants' motion for summary judgment.

### B. Motion for Summary Judgment and Corresponding Briefs

The Defendants' motion for summary judgment argues that there is no genuine issue of material fact as to whether the Plaintiff's state common law claims conflict with federal preemption requirements under the Medical Device Amendments to the Food, Drug and Cosmetic Act, 21 U.S.C. § 360k. In support, the Defendants contend that the United States Food and Drug Administration ("FDA") has approved the Simplex bone cement's chemical composition, packaging and approval for the Simplex product at issue here. According to the Defendants' motion, Pfizer did not design, manufacture, engineer, market or sell the product implanted in Plaintiff. The Plaintiff has not offered any evidence suggesting otherwise.

1. The referral of pretrial duties to a magistrate judge under 28 U.S.C. § 636(b)(1)(A) without the consent of the parties does not extend to the final determination of a motion for summary judgment. *See also* FED. R. CIV. P. 72(b); *McGinnis v. Shalala*, 2 F.3d 548, 551–52 (5th Cir.1993); *Archie v. Christian*, 808 F.2d 1132, 1135–36 (5th Cir.1987), *on remand* 812 F.2d 250. Accordingly, this document is submitted as a report and recommendation to the District Court under 28 U.S.C. § 636(b)(1)(B). *See also* Judge Heartfield's order of referral.

2. In the motion for summary judgment, Defendant MTG Divestitures LLC ("MTG") represents that it was incorrectly sued as Howmedica, Inc. MTG further states that it was formerly known as Howmedica Inc. and also formerly known as MTG Divestitures Inc.

3. Defendants also explain that Pfizer divested the stock and assets of its subsidiary, Howmedica to Stryker Corp., which formed a new separate entity named Howmedica Osteonics Corporation. MTG was formed by Pfizer and became the successor to Howmedica for purposes of satisfying judgments or paying claims for products sold by Howmedica before Pfizer divested its stock and assets. Howmedica is the entity that designed, manufactured, distributed and sought regulatory

4. Plaintiff originally filed his claims in the 136th Judicial District Court of Jefferson County, Texas. The Defendants removed the case to this court on August 31, 2006, based upon federal diversity jurisdiction. *See Notice of Removal* [Clerk's doc. # 1]. After Defendant Wright Medical Technology filed a motion to dismiss, the District Court directed Plaintiff to re-plead his complaint to comply with Federal Rule of Civil Procedure 9(b). On May 22, 2007, Plaintiff filed his amended petition, which is the live pleading before the Court. Defendant Wright Medical Technology Inc. again responded to that pleading with another motion to dismiss some of Plaintiff's claims and a motion for a more definite statement field pursuant to Federal Rules of Civil Procedure 9 and 12. That motion is also pending before the Court. Defendant Wright Medical also recently filed a motion for summary judgment on the merits of Plaintiff's claims, and the MTG Defendants have requested joinder in that motion. If necessary, those will be considered separately once ripe for a ruling by the Court.

labeling. Based upon federal preemption law and the Medical Device Amendments ("MDA"), they contend that Plaintiff's state common law product liability claims are preempted by Section 360k of the MDA. The Defendants, therefore, argue that because Plaintiff's claims against them are preempted as a matter of law, Defendants are entitled to summary judgment.

After being ordered to do so by the District Court [5], the Plaintiff filed a response in opposition to the motion for summary judgment. *See Plaintiff's Response to Defendants Pfizer Inc., Howmedica Inc., and MTG Divestitures, Inc.'s Motion for Summary Judgment* [Clerk's doc. # 48]. In the response, Plaintiff argues that FDA approval does not preempt a manufacturing defect when the defendant deviates from the manufacturing process approved by the FDA. He further contends that Defendants failed to comply with the FDA-approved manufacturing process and they must be held liable for that deviation. Finally, he argues that his negligence cause of action would be preempted because it is not a product liability cause of action.

The Defendants responded to the Plaintiffs arguments with a reply in support of their motion. *See Reply* [Clerk's doc. # 49]. The Defendants contend that Plaintiff's opposing arguments fail because (1) he did not assert a claim that the Simplex bone cement deviated from FDA-approved specifications, and (2) even if he did assert that claim, there is ample evidence in the record that the Simplex bone cement was manufactured and packaged pursuant to the FDA specifications without any discrepancies between the product and the product requirement. They further reply by contending that Plaintiff's negligence claim would indeed be preempted because (1) it is based on products liability and (2) it conflicts with the determinations and requirements of the FDA, thereby necessitating preemption under federal law.

## DISCUSSION

### A. General Summary Judgment Standard

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)); *Stults v. Conoco, Inc.,* 76 F.3d 651, 655–56 (5th Cir. 1996) (citations omitted). The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir.1992).

When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the non-movant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.,* 139 F.3d 532, 536 (5th Cir.1998).

An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson,* 477 U.S. at 255–56, 106 S.Ct. 2505. The admissibility of evidence is subject to the same standards and rules that govern the admissibility of evidence at trial. *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 650 n. 3 (5th Cir.1992).

Local court rules also govern consideration of motions for summary judgment. Local Rule CV–56(b) states:

---

**5.** *See Order to Plaintiff to File Responses* [Clerk's doc. # 41].

Any response to a motion for summary judgment must include (1) any response to the statement of issues; and (2) any response to the "Statement of Undisputed Material Facts." The response should be supported by appropriate citations to proper summary judgment evidence as set forth below [in Local Rule CV–56(d) ]. Proper summary judgment evidence should be attached to the response in accordance with the procedure contained in section (d) of this rule.

## B. Federal Preemption of Plaintiff's Claims

### 1) Applicable Law

As discussed above, at the crux of Defendants' motion is whether, based upon Defendants' contended compliance with the FDA's pre-market approval procedure ("PMA"), the Plaintiff's common law products liability tort claims are preempted by 21 U.S.C. § 360k, the Medical Devices Amendments ("MDA") to the Food, Drug, and Cosmetic Act. *See Motion for Summary Judgment, see also Martin v. Medtronic Inc.*, 254 F.3d 573, 575 (5th Cir.), *cert. denied* 534 U.S. 1078, 122 S.Ct. 807, 151 L.Ed.2d 693 (2002).

As the United States Court of Appeals for the Fifth Circuit explained in *Martin*,

"Under [the] PMA process, the manufacturer must give the FDA a 'reasonable assurance' that the product is safe and effective. Although this term does not sound excessively demanding, the PMA process is rigorous. It requires manufacturers to submit detailed information regarding the safety and efficacy of their devices. This includes, among other

things, full reports of all information that is known by the applicant, samples of both labeling and the device itself, and a full description of the methods and facilities used for manufacturing and installation of the device. *See* 21 U.S.C. § 360e(c)(*l* ) (describing the components of a PMA application). The FDA then reviews the application, spending an average of 1,200 hours on each submission before granting marketing approval. The statutory basis for this process, and its exceptions, are set forth at length in *Lohr*[6], 518 U.S. at 477[, 116 S.Ct. 2240], and need not be reiterated here."

*Martin*, 254 F.3d at 576. *Martin* also explains that 21 U.S.C. § 360k(a) is the preemption provision of the MDA governing the extent to which the MDA preempts state law. *Id.* at 577. It applies to situations arising under the PMA process[7]. *Id.* Section 360k(a) states as follows:

"[N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

(1) which is different from, or in addition to, any requirement applicable under this Act to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act."

21 U.S.C. § 360k(a). The FDA has followed suit by promulgating regulations interpreting Section 360k. Those regulations state are codified in Title 21 of the Code of Federal Regulations. *See* 21 C.F.R. § 808.1, *et seq.*

---

**6.** *Medtronic v. Lohr*, 518 U.S. 470, 116 S.Ct. 2240 135 L.Ed.2d 700 (1996).

**7.** *Martin* also explains and compares the scope of MDA preemption of state law claims regarding products subject to the Section 510(k) notification process, an exception to the far more demanding PMA review process. *See Martin*, at 576. The *Martin* Court goes on to analyze and distinguish the Section 510(k) process and the PMA process as applied to preemption after the *Lohr* decision. *Id.* at 578–79. After applying *Lohr,* the *Martin* Court reaffirmed that a medical device manufacturer's compliance with the FDA's PMA process will preempt state tort law

claims brought with respect to that approved device and relating to the safety, effectiveness or other MDA requirements when the substantive requirements imposed by those claims potentially conflict with PMA approval. *Id.* at 585. Because the Defendants' summary judgment motion establishes that the product at issue here went through the PMA process for approval, the Court need not delve into the parameters of the less rigorous Section 510(k) process and its effect on preemption after *Lohr* as discussed by *Martin.* Finding *Martin* on point, the Court will apply its holding in this case involving the PMA approval process.

In *Martin* and other cases, the Fifth Circuit has held that product liability claims involving PMA-approved devices are preempted by Section 360k of the MDA. *See Martin*, at 585; *see also Gomez v. St. Jude Medical Daig Division, Inc.*, 442 F.3d 919 (5th Cir.2006); *Stamps v. Collagen Corp.*, 984 F.2d 1416 (5th Cir.1993). Also, as cited in the Defendants' motion, the United States Court of Appeals for the Eighth Circuit and a District Court in the Western District of Louisiana have further held that state law claims involving the specific product at issue here—the Simplex bone cement—are preempted by federal law. *See Brooks v. Howmedica, Inc.*, 273 F.3d 785 (8th Cir.), *cert. denied* 535 U.S. 1056, 122 S.Ct. 1914, 152 L.Ed.2d 823 (2002); *Rousseau v. DePuy Orthopaedics, Inc.*, No. CIV A 06–0517, 2006 WL 3716061 (W.D.La. Dec.13, 2006).

In *Brooks*, the Court of Appeals engages in a thorough analysis of the Simplex bone cement, explaining the history of the heavy regulation of Simplex dating to the 1970s (when it entered the market), including the FDA review and examinations, the warnings Howmedica attached to the product in accordance with the FDA's directives, and the ultimate PMA approval of the product. *See Brooks*, 273 F.3d at 788–791. The Court went on the analyze the plaintiffs specific state law claims for failure to warn, in addition to her argument that Howmedica failed to comply with FDA rules and regulations. *Id.* at 798–99. The Eighth Circuit then concluded that the specific state requirement that the Plaintiff was seeking to establish by her common law claim would interfere with the specific federal requirements set for Simplex. *Id.* at 799. "Her claim is therefore preempted under § 360k of the MDA because it would impose a specific state requirement 'different from, or in addition to' specific federal requirements." *Id.* The Eighth Circuit also found no showing that Howmedica violated federal regulations and accordingly affirmed the district court's deci-

sion on preemption and grant of summary judgment. *Id.*

Accordingly, the above cases analyzing federal preemption under the MDA in products liability cases similar to this one have found that preemption is proper under Section 360k. The Court will now apply that precedent to the facts of this case, the summary judgment evidence presented by Defendants, and Plaintiff's arguments in opposition.

### 2) Analysis

In this case, the summary judgment evidence clearly establishes that the Defendants' Simplex product is in compliance with the FDA's PMA process. *See Exhibit 3 to Motion for Summary Judgment; Affidavit of Karen Ariemma* ("Ariemma Affidavit") (Senior Regulatory Affairs Specialist for Defendant, describing approval of Simplex bone cement, FDA regulation of Simplex, Howmedica's compliance, and Simplex's classification as a Class III Pre–Market Approved Device under the MDA); *see also Brooks, supra.* The Ariemma Affidavit explains that "because Simplex bone cement had been subject to exhaustive FDA review in the NDA [New Drug Application] process as a requirement of its approval in October 1971, FDA regulations did not require completion of the Pre–Market Approval (PMA) process normally required before a Class III [8] device can be sold." *Ariemma Affidavit*, at p. 13. This is further explained in *Brooks*:

Devices such as Simplex, which had been treated as drugs prior to the amendments to the 1938 Act, were automatically reclassified by the MDA as Class III medical devices. 21 U.S.C. § 360j(*l*)(1). The statute provided that these devices were deemed to have PMA approval if they had gone through the NDA approval process. *Id.* at § 360j(*l*)(3)(A). Beginning in 1976 Simplex was accordingly treated as a Class III medical device with PMA approval.

---

**8.** Also, as explained in the Ariemma Affidavit and the *Brooks* case, the federal regulations were later amended to reclassify bone cement as a Class II device instead of Class III, but this change occurred more than four years after the Simplex at issue here was manufactured and

distributed. *See Brooks*, at 789 n. 5; *see also* 21 C.F.R. 888.3027 The Court will accordingly treat the Simplex at issue in Mr. Scott's case as a Class III device as discussed herein, as the 2002 reclassification has no bearing on the Simplex that he has made the subject of his claims.

*Id.* at 789. Accordingly, it is undisputed that the Simplex bone cement at issue here is treated as having PMA approval. This is supported by the Defendant's summary judgment evidence. *See Ariemma Affidavit and Attached Correspondence (Letters from FDA and Department of Health, Education, and Welfare); Motion for Summary Judgment,* at pp. 4–7.

As discussed *supra,* product liability claims involving PMA-approved devices, such as the Simplex product at issue in this case, are preempted by Section 360k of the MDA. Plaintiffs claims, all sounding in state common law governing products liability and based upon the PMA-approved Simplex bone cement, fall clearly within the preemption scope of Section 360k. If he were to prevail on his claims as pled—including breach of warranty, strict products liability, negligence, failure to warn, misrepresentation and malice and fraud, all based upon the Simplex bone cement—it would result in the imposition of a state requirement which is "different from, or in addition to" the requirements and regulations already imposed by the FDA. *See* 21 U.S.C. § 360k(a); *see also Rousseau v. DePuy Orthopaedics, Inc.,* No. CIV A 06–0517, 2006 WL 3716061 (W.D.La. Dec.13, 2006) (analyzing each of plaintiff s similar claims—for breach of warranty, defective manufacture, and non-compliance with FDA-approved specifications—separately and reaching same conclusion in a case involving Simplex bone cement).

Thus, based on *Brooks* and the statutory language, read in conjunction with *Martin* and its analysis of Fifth Circuit and Supreme Court precedent,[9] the Plaintiff's state law claims are subject to preemption under the statutory preemption language of Section 360k(a) of the MDA. The Defendants have accordingly carried their burden in establishing that they are entitled to judgment as a matter of law based on this preemption of the Plaintiff's claims in their entirety. Having done so, the Court will now turn to Plaintiff's arguments in opposition and any evidence offered in contravention.

### 3) Plaintiffs' Arguments in Opposition

Because the Court has found that Defendants carried their burden in demonstrating that no issue of genuine material exists on any of Plaintiff s claims against the MTG Defendants, the burden now shifts to the Plaintiffs to set forth affirmative facts creating a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the outset, the Court notes that the Plaintiff has provided no evidence in rebuttal of the summary judgment evidence submitted by Defendants on the preemption issue. The Ariemma Affidavit and supporting documentation which establish preemption under Section 360k(a) are uncontroverted.

Instead, Plaintiff argues that his claims are not preempted because the Defendants failed to comply with the manufacturing process approved by the FDA. *See Plaintiff's Response.* He contends that the FDA approval of the Simplex accordingly does not preempt his claims. In support, he cites *In re Medtronic Polyurethane Insulated Pacing Lead Prod. Liability Litig.,* 96 F.Supp.2d 568 (E.D.Tex.1999). Plaintiff cites the *Medtronic* case for the proposition that plaintiffs can bring a cause of action based on a manufacturing defect on the grounds that the defendants failed to comply with FDA requirements regarding manufacturing.

*In re Medtronic* was a class action case here in the Eastern District of Texas involving allegedly defective pacemakers. In that opinion, citing much of the precedent discussed herein and applying the MDA preemption analysis and "based on the overwhelming weight of this authority," United States District Judge David Folsom held that all of the plaintiffs' state claims related to the pacemaker at issue were preempted, with the exception of the claims that hinge on a defendant's failure to follow FDA requirements. *In re Medtronic,* at 571.

First, the *Medtronic* opinion is distinguishable in that it analyzed the FDA approval process of the specific product at hand in that case—the allegedly defective pacemak-

---

**9.** *See Lohr. see also Stamps v. Collagen Corp.,* 984      F.2d 1416 (5th Cir.1993).

er. Other cases, cited herein, have more bearing on this case in that they apply the same analysis to the exact same product at issue here—the Simplex bone cement—as discussed in detail above.

Secondly, Judge Folsom's holding in *Medtronics*, a correct reading of the Supreme Court's opinion in *Lohr* (as applied to the pacemaker at hand in *that* case), does not change this court's ruling because the facts and evidence set forth in this case clearly establish that the Defendants did, in fact, comply with all necessary FDA requirements during the approval process of the Simplex bone cement. In *Medtronics*, there was an issue of genuine fact on whether the defendants had manufactured the pacemaker in a way that materially deviated from the FDA requirements. *Id.* at 572. Here, the Defendants have already set forth summary judgment evidence establishing that they did follow the necessary FDA requirements in manufacturing Simplex. *See Amierra Affidavit.* In arguing differently, the Plaintiffs response offers no evidence opposing this conclusion. Accordingly, his argument that his claims are not preempted because the Defendants did not comply with FDA regulations fails and he has not carried his burden in overcoming summary judgment. *See Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir.2001) (if the defendant demonstrates the absence of a genuine issue of material fact, the plaintiff must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial); *see also Sorina–Washington v. Mobile Mini, Inc.,* No. 03–3643, 2005 U.S. Dist. LEXIS 1292, at *9, 2005 WL 221557, at *2–3 (E.D.La. Jan.27, 2005) (citing *Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.2002); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548) (mere conclusory allegations are not competent summary judgment evidence and are insufficient to overcome a summary judgment motion).

Even assuming, *arguendo,* that there was evidence creating a genuine issue of material fact on whether Defendants failed to comply with the FDA-approved manufacturing process, the Plaintiff's pleadings fail to set forth a claim that Defendants failed to comply with FDA requirements. *See Amended Petition.* The plaintiff cannot, in a summary judgment response, save his claims by deviating from those pled in his petition.

Finally, the Plaintiff argues that his claim for negligence is not preempted because it does not sound in products liability. This argument was addressed by the Eighth Circuit in *Brooks,* where the court concluded that if a jury were to find negligence in the use of a medical device which met the requirements imposed during the regulation of the device, the plaintiff's common law negligence claim would be imposing a specific state requirement which is "different from or in addition to" specific federal requirements and, thus, would be preempted. *See Brooks,* 273 F.3d at 799. To hold otherwise would impose state requirements in such negligence cases which would conflict with federal requirements regulating medical devices. It would also conflict with the clear purpose of the MDA in establishing national uniformity for the regulation of products. *See id.* at 797. The Court is accordingly unpersuaded by Plaintiff's attempt to carve his negligence claims out of the products liability claims to avoid preemption and summary judgment. All claims are based upon the allegedly defective product, and, therefore, are preempted as discussed herein.

The Plaintiff has not rebutted Defendants' presentation of the facts and law entitling them to summary judgment based on federal preemption of Plaintiff s claims. Accordingly, Defendants have established that, as a matter of law, no genuine issue exists on the federal preemption of Plaintiff's claims, and Defendants are entitled to summary judgment.

### CONCLUSION AND RECOMMENDATION OF THE MAGISTRATE

The undersigned United States Magistrate accordingly recommends that the District Court grant Defendants Pfizer, Howmedica and MTG's *Motion for Summary Judgment* [Clerk's doc. # 37]. It is further recommended that the Court dismiss Plaintiffs' claims against those Defendants with prejudice, and enter judgment for Defendants Pfizer, Inc., Howmedica, Inc., and MTG Di-

vestitures LLC on all of Plaintiffs' claims against those Defendants.

## OBJECTIONS

Within ten (10) days after receipt of the magistrate's report, any party may serve and file written objections to the findings of facts, conclusions of law, and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Assn.*, 79 F.3d 1415 (5th Cir.1996) (*en banc*); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated Feb. 4, 2008.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

The District Court referred this matter to the undersigned United States Magistrate Judge, at Beaumont, Texas, for consideration of pretrial motions and proceedings and/or entry of a report and recommendation on dispositive motions pursuant to 28 U.S.C. § 636(b) and the Local Rules for the Assignment of Duties to United States Magistrate Judges. Defendant Wright Medical Technology, Inc.'s *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite*

*Statement* [Clerk's doc. # 29, 30] is pending before the Court.

## BACKGROUND

### A. Plaintiff's Claims

Plaintiff Terry Scott filed this civil action seeking recovery for personal injuries he allegedly sustained from the implantation of a medical device after he underwent hip replacement and resurfacing surgeries. In the live pleading [1], Plaintiff alleges that he was implanted with defective medical devices during the course of artificial hip implantation surgeries, specifically including Simplex P. Radioplaque Bone Cement ("Simplex") and a femoral component, and that he has suffered damages in the form of pain, emotional distress, loss of earnings, loss of earning capacity, and medical expenses. He has generally asserted causes of action sounding under products liability based upon the allegedly defective implants, including specific claims for strict products liability, breach of warranty, negligence, strict liability for failure to warn, misrepresentation and malice and fraud. According to the pleadings and motions, Defendant Wright Medical Technology Inc. ("Wright Medical") is the manufacturer of the separate femoral component allegedly used in Mr. Scott's implantation—a Conserve Femoral Resurfacing Component—allegedly implanted in the Plaintiff, while MTG [2] is the alleged manufacturer and seller of the Simplex.

Specifically at issue for purposes of the instant motion to dismiss and/or for more definite statement are Sections IX and X of the Plaintiff's Amended Petition. Section IX sets forth a claim for misrepresentation

1. Plaintiff originally filed his claims in the 136th Judicial District Court of Jefferson County, Texas. The Defendants removed the case to this court on August 31, 2006, based upon federal diversity jurisdiction. *See Notice of Removal* [Clerk's doc. # 1]. After Defendant Wright Medical Technology filed a motion to dismiss, the District Court directed Plaintiff to re-plead his complaint to comply with Federal Rule of Civil Procedure 9(b). On May 22, 2007, Plaintiff filed his amended petition, which is the live pleading before the Court. Defendant Wright Medical Technology Inc. again responded to that pleading with the instant motion to dismiss some of Plaintiff's claims and a motion for a more definite

statement filed pursuant to Federal Rules of Civil Procedure 9 and 12.

2. The MTG Defendants separately filed a motion for summary judgment based upon preemption of Plaintiff's claims. Because MTG's motion involves separate issues, different Defendants, and another product, the Court will issue a separate report and recommendation on that motion. Defendant Wright Medical also recently filed a motion for summary judgment on the merits of Plaintiff's claims. The Court will also take that motion under consideration once the briefing is completed and the motion is ripe.

against all Defendants, alleging that the Defendants made representations of material facts concerning the character and quality of the products at issue. *See First Amended Petition* [Clerk's doc. # 27]. Section X sets forth a claim for malice and fraud, contending that the Defendants allegedly made misleading and material representations to Plaintiff with the intent that Plaintiff acted on those misrepresentations. *Id.* Defendant Wright Medical's motion to dismiss seeks dismissal under Rule 9(b) of these claims only.

As for the remainder of any claims asserted by Plaintiff against Wright Medical, those are not subject to the motion to dismiss. As stated above, Wright Medical also recently filed a motion for summary judgment, seeking judgment on the merits of all of Plaintiff's claims.

### B. Motion and Corresponding Briefs

■ Defendant Wright Medical's motion to dismiss argues that Sections IX and X of Plaintiff's Amended Petition should be dismissed because he has failed to plead his claims for malice/fraud and misrepresentation with sufficient particularity in accordance with Federal Rule of Civil Procedure 9(b). Defendant argues that Plaintiff's pleading does not set forth the specific knowledge of fraud or misrepresentation on the part of Wright Medical as required by Rule 9(b).

In the motion, the Defendant maintains that Plaintiff should not be granted leave to amend his petition because the Court has already afforded him two opportunities to correct deficiencies in his pleading, namely with respect to his fraud claims. The Defendant alternatively submits, however, that if the Court denies its motion on the dismissal grounds and allows Plaintiff to re-plead his claims, they should still be dismissed with leave to provide a more particular circumstances constituting the alleged fraud and misrepresentation. The Court perceives this final alternative argument in Defendant's motion as the motion for more definite statement in accordance with Federal Rule of Civil Procedure 12(e).

After being ordered to do so by the District Court[3], the Plaintiff filed a response in opposition to the motion to dismiss and for more definite statement. *See Plaintiff's Response to Defendant Wright Medical Technology, Inc.'s Motion to Dismiss § IX and § X of Plaintiff's Amended Petition* [Clerk's doc. # 47]. In the response, Plaintiff argues that he has stated a claim upon which relief can be granted, contending that he may generally plead Defendant's knowledge of the truth and intent to deceive and that Rule 9(b) does not require him to plead misrepresentation with particularity. He contends that Defendant's actions in distributing literature to the public and to Plaintiff about the fitness of its products establishes that Defendant intended Plaintiff to rely upon this information to his detriment. Plaintiff alternatively argues that documentation regarding particular information relating to statements made by Defendant are in Defendant's possession, and he relatedly asks the Court to either deny the motion or defer ruling until Plaintiff can obtain that information through discovery.

The Defendant responded to the Plaintiff's arguments with a reply in support of its motion. *See Reply* [Clerk's doc. # 50]. In its reply, Defendant Wright Medical points out that the Plaintiff was previously ordered by the District Court to re-plead his fraud or misrepresentation claims as required by Rule 9(b). *See Order* [Clerk's doc. # 2]. Plaintiffs response to that directive from the District Court is the live Amended Petition at issue here, which the Defendant argues still does not comply with the required standard and the District Court's order directing him to re-plead. Defendant further contends that Plaintiff s request that he be allowed to conduct further discovery on the fraud-based claims is impermissible under the higher pleading standard. *See Reply,* at p. 3. Finally, Defendant replies that Plaintiff's assertion that Rule 9(b) does not require misrepresentation to be pled with particularity is baseless in accordance with the law governing pleading specificity of these claims.

---

**3.** *See Order to Plaintiff to File Responses* [Clerk's doc. # 41].

## DISCUSSION

### A. Rule 9(b), General Pleading of Special Matters, and Dismissal

Federal Rule of Civil Procedure 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b). As with notice pleading under Rule 8(a)[4], this requirement for specificity affects the Court's ruling on motions to dismiss or for a more definite statement. 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12–16 (3d ed.2006).

■ The particularized pleading requirements of Rule 9(b) do not supplant the notice pleading standard of Rule 8. *See* MOORE'S, at ¶ 9.03[7], *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Courts should read the rules together, to harmonize the specificity requirements of Rule 9 with the liberal pleading policies of Rule 8. MOORE'S, at ¶ 9.03 (citations omitted). At the same time, the greater particularity required by Rule 9(b) in all averments of fraud or mistake is not lessened by the simple requirements of Rule 8. *See, e.g., Swierkiewicz,* at 513, 122 S.Ct. 992.

Rule 9(b)'s clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed. *See Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985). This is because Rule 9(b) exists to eliminate "general, unsubstantiated charges of fraud that can do damage to a defendant's reputation." *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 521 (5th Cir.1993) (citing *Guidry v. Bank of LaPlace,* 954 F.2d 278, 288 (5th Cir.1992)).

■ At a minimum, Rule 9(b) requires allegations of the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel–Phonic Servs., Inc. v. TBS Int'l Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992) (internal quotation marks and citation omitted). Rule 9(b) requires the application of the "who, what, when, where and how" standard in evaluating the particularity of a pleading. *See Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir.1997), *cert. denied* 522 U.S. 966, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997); *United States ex rel. Wilkins v. North Am. Constr. Corp.,* 173 F.Supp.2d 601, 616–17 (S.D.Tex.2001).

■ In terms of Rule 9(b)'s procedural implications, a dismissal for failure to plead fraud with particularity as required by Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief may be granted. *Jag Media Holdings, Inc. v. A.G. Edwards & Sons, Inc.,* 387 F.Supp.2d 691, 703 (S.D.Tex.2004) (citing *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)); *see also United States ex rel. Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir.1999) (citing *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 520 (5th Cir. 1993)). Accordingly, this case is subject to dismissal under *either* Rule 9(b) *or* Rule 12(b)(6) pursuant to the Defendant's motion, as dismissal of the claims under Rule 9(b) would render the Rule 12(b) (6) analysis unnecessary. However, for the sake of completeness and to comport with the scope of the Rules, the Court also takes into account the standards set forth by Rule 12(b)(6).[5]

---

4. In *Swierkiewicz v. Sorema N.A.,* Justice Thomas explained Federal Rule of Civil Procedure 8(a) by reminding us that a complaint must include only a "short and plain statement of the claim showing that the pleader is entitled to relief." 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting FED. R. CIV. P. 8(a)(2)). This simplified pleading standard applies to all civil actions, with limited exceptions. *Id.* at 513, 122 S.Ct. 992. Those exceptions include pleading a special matter under Federal Rule of Civil Procedure 9. *See* FED. R. CIV. P. 9. *See also Swierkiewicz,* at 513, 122 S.Ct. 992.

5. The standards for dismissal under Rule 12(b)(6) are well-settled. Federal Rule of Civil Procedure 12 provides that a pleader may present, by motion, a defense alleging "failure to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (full citation of rule omitted). Rule 12(b)(6) dismissal is disfavored and justified only if it appears beyond a doubt that the Plaintiffs can prove no set of facts in support of their claims. *See United States Abatement Corp. v. Mobil Exploration and Producing U.S., Inc.,* 39 F.3d 556, 559 (5 Cir.1994); *Clark v. Amoco Production Co.,* 794 F.2d 967, 970 (5th Cir.1986). This court may only dismiss the com-

The Court's deferential standard of review for motions to dismiss under Rule 12(b)(6) must take into consideration the special fraud pleadings requirements of Federal Rule of Civil Procedure 9. *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 545–46 (8th Cir.1997).

## B. Application to Plaintiff's Claims

The Plaintiff's Amended Petition does not provide the time, place, or contents of any false or material representations on the part of any Defendant, nor does it connect any particular statement to a particular speaker in regard to the allegedly defective products at issue here. *See Blackmon v. American Home Products Corp.*, 328 F.Supp.2d 659, 667. The Plaintiff has not alleged specific facts directly tying a Defendant to a particular representation or fraudulent statement. There is no allegation of specific time, place, contents, or individual connected to a specific false representation. Accordingly, the "who, what, when and where" is clearly not satisfied by Plaintiff's pleading. At best, he has offered conclusory and broad allegations that Defendants (not named specifically or citing the individual speaker) "made representations of material facts concerning the character and quality of the product." *See Amended Petition.* As stated above, Plaintiff sets forth no specific facts in support. Even if this were enough to satisfy Rule 12(b)(6), it is certainly not sufficient to satisfy the heightened particularity requirements of Rule 9(b). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir.2006).

In his response to the motion to dismiss, Plaintiff attempts to save his pleading by arguing that the "Defendant's knowledge of the truth and intent to deceive may be pleaded generally," citing *Ettem USA, Inc. v. Kollmorgen Corp.*, No. G–05–325, 2005 U.S. Dist. LEXIS 29189, 2005 WL 2850240 (S.D.Tex. Oct. 29, 2005). He argues that "Defendant acted with the intent to deceive" and "Defendant through its corporate representatives and agents distributed literature to the public in general and Plaintiff specifically regarding the fitness of its products as it relates to this lawsuit." *See Plaintiff's Response.* These responsive statements are mis-placed.

First, while the *Ettem* case does state the legal proposition cited by Plaintiff, it must be read in context with the more particularized requirements of Rule 9(b), as discussed by this Court and as the *Ettem* opinion itself states directly prior to the portion cited by Plaintiff: "The Fifth Circuit has interpreted Rule 9(b) to require that plaintiffs allege, at a minimum, the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the representation and what [that person] obtained thereby.'" *Id.* Quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177–78 (5th Cir.1997). Plaintiff himself admits this as the standard set forth by the Fifth Circuit. *See Response.* Merely claiming that he can prove the more generalized "knowledge of the truth and intent to deceive" on the part of Defendant, still without particularized facts to support the remaining Rule 9(b) requirements, does not comport with the heightened pleading requirement. Additionally, his Amended Petition makes no mention of any specific intent to deceive

plaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). On a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996).

The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn. This standard of review may be summarized as follows: "the question, therefore, is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *See Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir.2003) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 1601 (1969)). However, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12–61 (3d ed.2006).

on the part of any individual Defendant, much less set forth the factual particulars regarding the "who, what, when, where, and how" as required, discussed *supra*. Accordingly, despite his arguments to the contrary, Plaintiff's claims for malice/fraud and misrepresentation still fail under the Rule 9(b) pleading standard.

■ Failure to comply with the heightened pleading requirements of Rule 9(b) should not automatically or inflexibly result in dismissal with prejudice. *Blackmon,* 328 F.Supp.2d at 667–68. Citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir.2000); *Cates v. International Tel. & Tel. Corp.,* 756 F.2d 1161, 1180 (5th Cir.1985). However, the facts and circumstances of this case provide no suggestion that the Plaintiff will be able to allege, let alone prove, any set of facts to support a claim of fraud. He was given the opportunity to re-plead his claims and specify the particulars required for alleging a claim of fraud against Defendants. "The Court specifically ordered him to re-plead his claims so that his misrepresentation and fraud claims comport with the particularity requirements set forth in Rule 9(b) and as articulated by the Fifth Circuit." *See Order* [Clerk's doc. # 24]. He failed to do so and instead simply re-stated his broad allegations in the same general and unsubstantiated terms.

■ Additionally, Plaintiff's request for the opportunity to conduct additional discovery to save his claims is without merit. A motion to dismiss for failure to state a claim considers the claims set forth in the pleadings, without extrinsic evidence. Again, Rule 9(b)'s clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed. *See Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985) (emphasis added). The necessary facts must be pled before the Plaintiff can proceed with discovery.

The Court accordingly concludes that Defendant Wright Medical's motion to dismiss should be granted. Plaintiff's malice/fraud and misrepresentation claims should be dismissed in their entirety for failure to meet the heightened pleading standard of Rule 9(b).

### C. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) states, in relevant part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." The Defendant accordingly presented its motion for a more definite statement, again, with its motion to dismiss.

The Plaintiff was already afforded an opportunity to re-plead his claims after Wright Medical filed its first motion for more definite statement, and the Court has already determined that his claims should be dismissed as pled in accordance with Rule 9(b). The Court concludes that requiring a more definite statement from Plaintiff for the second time would not change the status of his claims. Plaintiff has had ample opportunities to clarify, amend or improve his claims as pled. *See Romero v. Becken,* 256 F.3d 349, 353 (5th Cir.2001). The Court finds that requiring a more definite statement would be a moot point. Accordingly, the motion for a more definite statement should be denied as moot.

### CONCLUSION AND RECOMMENDATION OF THE MAGISTRATE

The undersigned United States Magistrate accordingly recommends that the District Court **grant** Defendant Wright Medical's *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement* [Clerk's doc. # 29, 30].

It is further recommended that the Court **dismiss** Plaintiff's claims for malice/fraud and misrepresentation, as set forth in Sections IX and X, including the corresponding request for exemplary damages, against all

Defendants [6] with prejudice [7].

It is finally recommended that the Court **deny as moot** the *Motion to Dismiss §§ IX and X of Plaintiff's Amended Petition or, In the Alternative, Motion for a More Definite Statement* [Clerk's doc. # 29, 30] with respect to the motion for a more definite statement.

All other claims asserted by Plaintiff against Defendant Wright Medical would remain.

### OBJECTIONS

Within ten (10) days after receipt of the magistrate's report, any party may serve and file written objections to the findings of facts, conclusions of law, and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415 (5th Cir.1996) (*en banc*); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated Feb. 5, 2008.

---

**6.** In Sections IX and X of the Amended Petition, the Plaintiff asserts his malice/fraud and misrepresentation claims against all Defendants collectively. Only Wright Medical filed a motion to dismiss those claims based upon Rule 9(b), while the MGT Defendants instead opted to file a motion for summary judgment based on preemption. However, the Court found Plaintiff's claims in Sections IX and X to be deficient under Rule 9(b) in their entirety against all Defendants. Accordingly, those claims should be dismissed as to all Defendants.

**7.** It is true that when a pleading does not satisfy the heightened pleading standard of Rule 9(b), the court should freely grant leave to amend. *See Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir.1996) (recognizing that courts almost always grant leave to cure deficiencies in pleading fraud). The Court has afforded Plaintiff ample opportunity to re-plead his fraud claims, but he has failed to do so. He only amended them upon order of the Court and only responded to the motion to dismiss his insufficient pleadings upon order of the Court. Accordingly, the Court finds that this is one of those cases in which the claims should be dismissed with prejudice because "the pleader has had the opportunity to cure any deficiencies but either has not or cannot do so." *See Anderson v. USAA Cas. Ins. Co.,* 221 F.R.D. 250, 254 (D.D.C.2004) (internal citations omitted).